Commonwealth v. Louisville Water Co.

CASE 34.—ACTION BY THE COMMONWEALTH AGAINST THE LOUISVILLE  WATER  COMPANY  TO  RECOVER CERTAIN TAXES AND PENALTIES.—March 9.

# Commonwealth v. Louisville Water Co.

Appeal from Jefferson Circuit Court (C. P. Branch, Second Division).

THOS. R. GORDON, Judge.

Judgment of dismissal, plaintiff appeals—Affirmed.

1. Taxation—Collection—Delinquent Taxes—Collection by Revenue Agents—"Back Taxes."—Act March 15, 1906, art. 8, section 1 (Laws 1906, p. 152, c. 22), makes the sheriff by virtue of his office collector of state, county, and district taxes.   Section 20 (page 160) provides that the taxes shall be due March 1st, and, if not paid on November 1st, shall become delinquent, and a penalty of 6 per cent. be added.   Under section 21 the sheriff is required within 15 days after delinquency to certify to the county clerk a list of all delinquent taxes. Under sections 22-27 (pp. 160-163) the county clerk within

10 days thereafter must issue against each delinquent a tax warrant directed to the sheriff who is required to proceed thereunder as under an execution. Ky. St. 1900, section 4267, makes it the duty of the Auditor of Public Accounts to collect back taxes, etc., and gives him power to direct revenue agents to prosecute the collection of delinquent taxes. Held, that two distinct modes for the collection of taxes are provided, the duties of the revenue agents not being intended to conflict with the sheriff, on whom the duty of collecting the taxes is primarily placed, and the term "back taxes" in section 4267 refers to taxes on which the ordinary process of collection had been exhausted, and hence the revenue agent could not bring suit to collect a delinquent tax and penalties where the sheriff had levied his tax warrants, and a preliminary injunction restraining the collection had been issued and dissolved, the sheriff then having a right to collect the taxes, and the ordinary process in his hands not being exhausted.

2. Taxation — Collection — Delinquent Taxes—Power of Revenue Agents.—For like reasons a revenue agent has no power to bring action on November 29th to collect taxes delinquent on the 1st of that month where the tax warrants, the ordinary process of collection by the sheriff, had not yet been issued.

GREGORY & McHENRY and D. W. SANDERS for appellant.

CARROLL & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The tangible property of the Louisville Water Company was assessed for taxation by the county assessor for the year 1906. The sheriff of Jefferson county, having the tax warrants in his hands for collection, levied upon the property of the water company, and thereupon, on February 1, 1907, the city of Louisville and the Louisville Water Company filed a suit against him enjoining him from enforcing the collection of the tax bills for the years 1906 and 1907. A preliminary injunction was granted and this on June 27, 1907, was perpetuated by the Jefferson circuit

court. An appeal was taken to this court, and the judgment was reversed on January 21, 1908. As soon as the mandate was filed, the water company paid to the sheriff the full amount of the taxes and interest. The money was accounted for by the sheriff to the Commonwealth. While this suit was pending in which the question of the liability of the water company for the taxes was being litigated, on July 2, 1907, Laurence P. Tanner, as revenue agent, by the direction of the Auditor, under section 4267, Ky. St., filed a petition in the Jefferson circuit court against the Louisville Water Company to recover the same taxes for 1906 and 20 per cent. thereon. On November 29, 1907, he filed a similar suit to recover the taxes on the tangible property for the year 1907 and 20 per cent. thereon. The water company filed an answer in each case, pleading that it was not liable for the taxes, and also pleading the judgment in the injunction suit in bar of the action. After the reversal of the judgment in the injunction suit, this fact and the payment of the taxes to the sheriff were set up by amended pleadings, and the cases having been submitted to the court, the petitions were dismissed. The Commonwealth appeals.

It is insisted on the appeal that the court should have entered a judgment against the defendant for the 20 per cent. penalty, and this is the only question raised on the appeal. Section 4267, Ky. St., so far as material, is as follows: "It shall be the duty of the Auditor of Public Accounts, to diligently prosecute the collection of all back taxes, license fees, judgments or other moneys, claims or demands due the Commonwealth from any corporation, association, firm, companies or individuals, and shall have the power to direct revenue agents in the various

counties or from the State at large to prosecute the collection of all delinquent taxes, taxes on omitted property of delinquents, license fees or omitted license or franchise tax of any corporation or association due the State, for which services the revenue agent shall be entitled to the fees prescribed in the preceding sections of this article.'' The fees of the revenue agent are thus defined in the preceding section: ''In all such suits, motions or proceedings in which judgment is recovered, the party in default shall in addition to the amount for which he is liable to the State, be adjudged to pay a penalty of 20 per cent. on the amount due, and the revenue agent who prosecutes such action and recovers the amount due the Commonwealth shall be entitled to receive said penalty for his services.'' Ky. St. section 4263.

It will be observed that the revenue agent in the cases before us recovered no judgment in favor of the Commonwealth. When the first suit was filed in July, 1907, the Jefferson circuit court had held that the water company was not liable to state taxation, and had enjoined the collection of the taxes in question. The second suit was filed in November, 1907, while that judgment was still in force, and while the case was pending in this court. Under the act of 1906, the collection of taxes such as these was regulated by article 8 (Acts 1906, p. 152, c. 22). The sheriff was by virtue of his office collector of the taxes. Section 1. The taxes were due March 1st; and, if not paid on November 1st, they became delinquent, and a penalty of 6 per cent. was added to them. Section 20. Within 15 days thereafter the sheriff was required to certify to the county clerk a list of all delinquent taxes. Section 21. The county clerk within 10 days thereafter was required to issue against each delinquent a

tax warrant in the name of the Commonwealth directed to the sheriff and returnable within 60 days. The sheriff was required to proceed thereunder as under an execution. Sections 22-27. Section 4267 above quoted is from article 17, regulating revenue agents. Acts 1906, p. 233, c. 22. One article of the act is not to be read as conflicting with another. The duties of the revenue agents under article 17 were not intended to conflict with the duties of the sheriffs under article 8. The act provided two modes for the collection of such taxes as these—one under the tax warrants by the sheriff, the other by actions brought by the revenue agent; the latter being applicable only to back taxes. Acting under article 8, the sheriff here who had the tax warrant in his hands had made a levy and was about to sell under the levy. This is the ordinary way of collecting taxes, and it was not contemplated that after the levy had been made, and before the ordinary process had been exhausted, suit should be brought by the revenue agent under section 12 of article 17. In other words, the back taxes which are referred to in that section, and which it is the duty of the Auditor to diligently collect, are those taxes on which the ordinary processes provided for in the act have been exhausted. They are therefore called back taxes. It was not contemplated in the act that a taxpayer could have his property levied on by the sheriff, and, while the sheriff was proceeding to sell the property, the revenue agent should bring a suit against him as a delinquent, and that in this way he would become liable to the costs of both proceedings and for the commissions of both officers. The duty of collecting the taxes was primarily on the sheriff, and they did not become back taxes while the process was in his hands unexecuted. Only 60 days

was given the sheriff to levy the tax warrants. He was required to proceed under the tax warrants as under an execution; and in this case, as he had made a levy and had been enjoined from proceeding further, when the injunction was dissolved, he was entitled to collect the money. The taxes sued for in the petition filed July 2, 1907, were the identical taxes for which the sheriff held tax warrants, the collection of which had been restrained by the injunction. The judgment of this court dissolving the injunction was in effect a determination that the money should be paid the sheriff; for, if this was not done, he could then sell the property levied on for its payment. It cannot be that a taxpayer was liable to one officer for the taxes and certain penalties, and at the same time liable to another officer for the same taxes and other penalties. When the sheriff had begun the execution of the process, the right to proceed was only suspended by the injunction, and the revenue agent had no more right to proceed when the injunction was dissolved than he had when it was issued. He had only a right to proceed when the ordinary process in the hands of the sheriff was exhausted. This did not occur. The money was collected by the sheriff under the process, and so the right of the revenue agent to sue never accrued as to this tax. As to the tax for the next year, the suit was filed on November 29th, and, before the tax warrants, the ordinary process had been issued. To sustain such a proceeding would be to allow revenue agents to tax all taxpayers who did not pay by November 1st with 20 per cent. on the taxes besides penalties, interest, and costs. This was not contemplated by the statute.

**Judgment affirmed.**